RHODE ISLAND HOSPITAL TRUST COMPANY *vs.* THE AMERICAN NATIONAL RED CROSS *et al.*

MARCH 12, 1930.

PRESENT: Stearns, C. J., Rathbun, Sweeney, Barrows, and Murdock, JJ.

462

PER CURIAM. This is a bill in equity brought by the trustee for construction of, and instructions concerning, the will and the trust deed of Frederic R. Mason, late of the city of Pawtucket, deceased. The cause being ready for hearing for final decree was certified to this court pursuant to Section 35, Chapter 339, General Laws 1923. The respondents are ten charitable corporations and the Attorney General of the State.

The trustee requests instructions as to whether certain capital sums distributable on November 29, 1928 under the provisions both of the will and of the deed of trust should be paid to (a) respondent Visiting Nurses Association of Pawtucket and Central Falls or, (b) respondent The American National Red Cross or (c) in equal shares to the remaining eight respondent charitable corporations.

Decrees *pro confesso* have been duly entered against five of the respondent charitable corporations; and answers, admitting all of the allegations of the bill of complaint, have been filed by each of the remaining five respondent charitable corporations and by the Attorney General. The joint and several answer filed by Visiting Nurses Association of Pawtucket and Central Falls and The American National Red Cross requests that the capital sums in question be paid to The American National Red Cross in trust to be administered through The Pawtucket Chapter of the American Red Cross for the charitable purposes for which the Visiting Nurses Association of Pawtucket and Central Falls was chartered.

The joint and several answer filed by St. Elizabeth's Home, St. Mary's Home for Children, and St. Andrews Industrial School states the willingness of those respondents to have the capital sums in question paid (a) to Visiting Nurses Association, "if it is found by said Court that said Association is now in existence and carrying on its charitable work for which it was incorporated"; and (b), if such finding is not made, to The American National Red Cross, or some other charitable agency, in trust to carry on the work

which the Visiting Nurses Association of Pawtucket and Central Falls was chartered to perform, provided such capital sums "can legally and equitably be ordered by said Court to be so paid"; and if it should be found that payment cannot properly be made under either of the foregoing alternatives, each of the three respondents requests that one-eighth of the distributable sums be paid to it.

The Attorney General recommends that if it be found that the gifts are gifts to charitable uses and that the Visiting Nurses of Pawtucket and Central Falls is found incapable of administering the gift, it should be paid to The American National Red Cross "to be applied and expended by it solely in furtherance of said charitable activities formerly carried on by said Visiting Nurses Association of Pawtucket and Central Falls and now carried on by said Pawtucket and Central Falls Chapter, American National Red Cross."

Frederic R. Mason died December 3, 1927, and his will was probated on December 28, 1927. His wife predeceased him. His son, Robert B. Mason, the only other member of his immediate family, survived both his father and mother and died November 29, 1928. Both the will and the deed of trust created trust estates the net income of which (and, if necessary, the capital) was directed to be applied for the benefit of his son, Robert B. Mason, during Robert's life after the death of the survivor of his parents. Both instruments also provided that upon the death of Robert, in case both of his parents predeceased him, the trustee should make capital distributions of a portion of the respective trust estates to such of nine named Rhode Island charitable corporations, including the Visiting Nurses Association of Pawtucket and Central Falls, as "shall be in existence" at the time of the death of the son.

There is no dispute, in this proceeding, respecting the amount of capital sums which are distributable under the will and deed of trust; and it is conceded that each of the designated Rhode Island corporations, other than the

Visiting Nurses Association of Pawtucket and Central Falls, was on November 29, 1928 actually engaged in carrying on the charitable activities which said corporations were severally created to perform.

Visiting Nurses Association of Pawtucket and Central Falls was organized as a charitable corporation under the provisions of Section 11 of Chapter 212 of the General Laws 1909, of the State of Rhode Island on June 13, 1911 for the purpose, as stated in its articles of association, "of providing trained nurses to visit sick persons deprived of proper care, to give such sick persons at their homes such attention as is imperatively needed, and to instruct members of the household in the simple rules of hygiene." Said association conducted the activities for which it was organized until the year 1920 when it transferred all of its property to a voluntary association known as The Pawtucket and Central Falls Chapter, American Red Cross. This transfer was made pursuant to a plan to consolidate the charitable activities formerly carried on by the Visiting Nurses Association of Pawtucket and Central Falls, the Pawtucket and Central Falls Chapter, American Red Cross, and a third local charitable organization known as the Society for the Relief and Control of Tuberculosis.

In accordance with the plan for consolidation of activities, the local Red Cross chapter took over and has ever since carried on the charitable activities formerly conducted by the Visiting Nurses Association; the executive board of the local chapter was enlarged so as to admit representatives from the executive board of the association; and the committee on supervision of nurses connected with the Visiting Nurses Association was continued as a subcommittee on Red Cross health nursing. Said chapter also took into its employ the nurses formerly employed by the Association and thereafter continued to carry on and is now carrying on the charitable activities conducted by the Association prior to the consolidation in 1920. Thereafter, the Visiting Nurses Association of Pawtucket and Central

Falls ceased to carry on any activities and became a dormant corporation. It also appears that after the consolidation Frederic R. Mason was a substantial contributor to the local Red Cross Chapter. It does not appear that he was a contributor to the Visiting Nurses Association before the consolidation or that he increased his subscription to the Red Cross Chapter after the consolidation. On March 30, 1928, subsequent to the death of Frederic R. Mason and prior to the death of his son on November 29, 1928, the charter of the Association became forfeited under the provisions of Sec. 78, Chap. 248, G. L. 1923, as amended by Chap. 651, P. L. 1925, for failure to file biennial returns, except that under Section 63, of said Chapter 248 the Association was continued as a body corporate for three years "for the purpose of prosecuting and defending actions, suits or proceedings by or against it and of enabling it to settle and close its affairs, to dispose of its property, and to distribute its assets, but not for the purpose of continuing" in business. Owing to the forfeiture of the charter of said association, the trustee seeks instruction relative to the distribution of the share payable to said association, provided it was in existence at the time fixed for distribution.

The following questions are presented: (1) Was the Visiting Nurses Association of Pawtucket and Central Falls in existence on November 29, 1928 so as to be entitled to share in the capital sums distributable under the will and the deed of trust on that date? (2) If said association was not in existence on said date, is the *cy pres* doctrine applicable to this case? (3) If the *cy pres* doctrine is applicable, to whom should payment be made of sums which would have been payable to said association if it had been in existence on said date?

Although it is apparent that the donor had a general rather than a specific charitable intent, the *cy pres* doctrine is inapplicable where, as in this case, the donor has made other specific disposition of the fund. *First Cong. Society* v.

*City of Bridgeport*, 121 A. 77; *Imbrie* v. *Steen*, 124 A. 155; *Larkin* v. *Wikoff*, 75 N. J. Eq. 462, 72 A. 98. The gifts were to a class, and if a member of that class was absolutely non-existent at the time fixed for distribution the share of said member, by the terms of the gifts, goes to the members which were in existence at said time.

The important question is whether, at the time for distribution, the Association was in existence. It is a fact that the charter of the Association was forfeited about eight months prior to the period fixed for distribution. However, by Section 63 of said Chapter 248, the Association was continued a body corporate, for purposes heretofore enumerated, until March 30, 1931. The Association, therefore, although dormant, was, on November 29, 1928, and still is, in existence. Unless its charter is revived, the corporation will cease to exist on March 30, 1931. For several years before the will and trust deed were executed the Association was a dormant corporation. If its charter is revived the Association will be as much in existence as at the time of the execution of the will and trust deed.

The primary rule of construction is to give effect, if possible consistent with established law, to the donor's intention. If said charter is revived during the limited time remaining to the corporation for existence, we think the donor's wishes and expressed intention can be best effectuated by paying the funds in question over to the Visiting Nurses Association of Pawtucket and Central Falls.

Our determination is that the funds in question should be paid to said association, provided its charter is revived during the time that the Association remains a body corporate as provided by Section 63, Chapter 248, G. L. 1923; otherwise said funds must be divided equally among the other eight Rhode Island corporations named by the donor and made parties hereto, and the complainant is advised accordingly.

The parties may present a form of decree in accordance with this opinion.

*Swan, Keeney & Smith,* for complainant.

*Hinckley, Allen, Tillinghast, Phillips & Wheeler. James L. Jenks, Abbott Phillips, Roger T. Clapp,* for American National Red Cross &c.

*Gardner, Moss & Haslam,* for other respondents.